UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JOAN GRAMER, | * |
| | * |
|     Plaintiff, | * |
| | * |
| v. | *   CIVIL ACTION NO. |
| | * |
| MAINE COMMUNITY COLLEGE | * |
| SYSTEM BOARD OF TRUSTEES, | * |
| MAINE COMMUNITY COLLEGE | * |
| SYSTEM, KENNEBEC VALLEY | * |
| COMMUNITY COLLEGE | * |
|     Defendants. | * |

**COMPLAINT**
**JURY TRIAL REQUESTED**
<u>**DECLARATORY AND INJUNCTIVE RELIEF SOUGHT**</u>

    Plaintiff, Joan Gramer, by and her undersigned attorneys, hereby complains against Defendants, Board of Trustees of the Maine Community College System, Maine Community College System, and Kennebec Valley Community College as follows:

### I.    INTRODUCTION

    1.    This is a civil rights action by Plaintiff, Joan Gramer, against the Maine Community College System Board of Trustees, for injunctive relief, civil penal damages, compensatory damages, attorneys fees and litigation expenses and for other relief arising from Defendants' exclusion of Ms. Gramer from its programs because of her disability. Joan Gramer, a resident of Unity, Maine, is a qualified individual who was accepted into the Kennebec Valley Community College System (KVCC) Culinary Arts Program in May 2018. However, Defendants revoked its admission of the Ms. Gramer to the KVCC Culinary Arts Program and thereafter excluded her from all KVCC Culinary Arts Program classes, because the Defendants learned that she had physical limitations resulting from a stroke that she had suffered in August 2017. Defendants' decision to REVOKE Ms. Gramer's Admission to its culinary program and its decision to EXCLUDE her from its Culinary Arts Program classes were based on stereotypes and

1

assumptions, and not on any individualized determination of the Plaintiff's actual abilities.

## II. JURISDICTION

2. These actions arise under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42, U.S.C. § 12131-12134, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ( "Section 504")) and the Maine Human Rights Act, 5 M.R.S.A. § 4591 and 4592(1), (4) and (5) ("MHRA").

3. This court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, and 28 U.S.C. §§ 1343A (3) and (4).

4. This court has supplemental subject matter jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C.§ 1367(a).

4. Declaratory, injunctive, and other appropriate relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1983, 29 U.S.C. § 794 and 42 U.S.C. § 12132.

5. Venue is proper under 28 U.S.C. § 1391(b) (1) & (2).

## III. PROCEDURAL HISTORY

6. Prior to filing this civil action, Ms. Gramer filed a timely charge of discrimination on the basis of disability with the Maine Human Rights Commission.

7. The Commission found reasonable grounds to believe that discrimination occurred by Defendants.

8. Following the finding of reasonable grounds to believe discrimination occurred, the parties failed, within 90 days after that finding, to enter a conciliation agreement to which the individual plaintiff was a party.

9. On June 1, 2020, the Commission issued a failed conciliation letter authorizing Ms. Gramer to bring suit under the Maine Human Rights Act within 90 days of issuance of the letter.

## IV. PARTIES

10. Joan Gramer is a 73-year-old resident of the Town of Unity, County of Waldo, in the State of Maine. Ms. Gramer meets the essential eligibility requirements for receipt of goods and services from Defendants. Ms. Gramer is a qualified individual with a disability pursuant to the Maine Human Rights Act, the Americans with

Disabilities Act and Section 504 of the Rehabilitation Act of 1973. Ms. Gramer was, at all times, able to participate in Defendants' culinary arts program with or without reasonable modification.

11. Defendants, Maine Community College System Board of Trustees is responsible for the oversight and administration of the Maine Community College System, 20-A M.R.S. 12706(2), which is a body corporate and politic and a public instrumentality of the State of Maine. 20-A M.R.S. 12702. Defendants are a public entity and public accommodations within the meaning of the MHRA, Title II of the ADA and Section 504. Defendants are also an educational system as defined by the MHRA, 5 M.R.S. §4553(2-A).

12. At all relevant times to this Complaint, Defendants received federal financial assistance and is therefore subject to the requirements of Section 504.

## V.   JURY TRIAL DEMANDED

13. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial on all issues triable as of right of jury.

## VI.   FACTS

14. On or about May 2018, Joan Gramer applied for acceptance into the Kennebec Valley Community College ("KVCC") Culinary Arts Program. KVCC is part of the Maine Community College System.

15. KVCC found that Ms. Gramer met all requirements and was qualified to participate in the program.

16. On or about August 3, 2018, Ms. Gramer was accepted into the KVCC Culinary Arts Program. KVCC indicated in the acceptance letter that they were impressed with Ms. Gramer's application.

17. Ms. Gramer had a stroke in August of 2017, resulting in left hemiparesis/neglect. For Ms. Gramer, this meant that she had limited use of her left hand and arm, and she requires a walker or a wheelchair, for mobility, due to challenges with her balance. Ms. Gramer has substantial limitations in major life activities including, for example, walking, standing, lifting and bending, as well as substantial limitations in major bodily functions, including neurological functions, circulatory functions and muscular functions.

3

18. Ms. Gramer's stroke is an acquired brain injury, and she receives services for her disability.

19. Ms. Gramer has a disability, was regarded as disabled by the Defendants, and she has a record of disability, all within the meaning of the Americans with Disabilities Act (ADA), the Maine Human Rights Act (MHRA) and Section 504 of the Rehabilitation Act of 1973 ("Section 504").  Ms. Gramer also has per se disabilities pursuant to the MHRA.

20. After being accepted into the KVCC Culinary Arts Program, Ms. Gramer informed KVCC that she would require reasonable modifications to enable her to successfully participate in the Culinary Arts Program.

21. On or about August 8, 2018, Ms. Gramer provided documentation of her disability from her treatment provider, which verified Ms. Gramer's disability, her need for accommodations, and also invited KVCC to contact her with any questions.

22. KVCC never asked for additional information from Ms. Gramer's provider, nor requested additional consultation regarding Ms. Gramer's need for accommodation, prior to excluding her from its program.

23. On or about August 22, 2018, the parties had a meeting to discuss reasonable modification issues.

24. At the meeting, Ms. Gramer discussed reasonable modifications she would need to participate in the culinary arts program, including permission for her husband to act, free of charge, as her personal aide for the purpose of performing certain physical tasks including for example moving and lifting certain heavy equipment and supplies.

25. KVCC expressed concern about allowing Ms. Gramer's husband to provide assistance for physical tasks because the course is graded. To address KVCC's concerns Ms. Gramer offered and asked for permission to audit the culinary classes, so she wouldn't be in competition with any of the graded students. The Culinary Arts Program Director indicated they would get back to Ms. Gramer on this, but they never did.

26. Two days after the meeting, on or about August 24, 2018, KVCC notified Ms. Gramer that her acceptance into the culinary arts program had been revoked and her requests for reasonable modifications were denied, stating: "[A]fter careful review of your request... we have determined that your physical limitations do not allow you to perform the essential functions of the program [and] having a personal aid[e] perform skills on which students are graded fundamentally alters the nature of the program and is therefore not a reasonable accommodation."

27. Ms. Gramer meets all eligibility criteria and is a qualified individual with a disability who is able to participate in the Culinary Arts Program with reasonable accommodation.

28. The Community College System is statutorily directed to "*provide, directly or through contractual or other arrangements, remedial and special training and education programs for disadvantaged and handicapped persons, designed to enable them to make maximum use of their aptitudes and abilities* and achieve meaningful employment and economic self-sufficiency." 20-A M.R.S. § 12704(6) (emphasis added).

29. KVCC's decision to refuse admittance to Ms. Gramer was not based on her individual circumstances or on objective medical evidence, but on generalities and stereotypes.

30. Defendant, KVCC, a public accommodation, failed to make reasonable modifications in its policies, practices or procedures, when those modifications were necessary to afford the goods, services, facilities, privileges advantages, to Ms. Gramer, an individual with a disability, in violation of the MHRA, ADA and Section 504.

31. Defendant KVCC, a public accommodation, excluded Ms. Gramer from participation in and denied her the benefits of its services, programs or activities, and subjected her to discrimination, in violation of the MHRA, ADA and Section 504, and such discrimination is continuing, as Defendants still refuses to admit Ms. Gramer into its culinary program classes.

32. Following her stroke in August 2017, Ms. Gamer, a lifelong cook and baker, continued to cook and bake, right up to the present.

33. After KVCC's decision to Revoke Ms. Gramer's Admission and its subsequent decision to Exclude her from its Culinary Arts Program, Ms. Gramer successfully attended four hands-on baking classes sponsored by King Arthur Flour in Vermont, which came at a significant expense to her and required out-of-state-travel for her with her wheelchair. While at King Arthur, Ms. Gramer baked a variety of items, as she routinely does at home.

34. Plaintiff filed a Complaint with the Maine Human Rights Commission. On or about March 2, 2020, the Maine Human Rights Commission found there were Reasonable Grounds to believe that Kennebec Valley Community College had discriminated against Joan Gramer, on the basis of disability.

## VII. CLAIMS FOR RELIEF

### COUNT I
### (Americans with Disabilities Act)

35. Plaintiff repeats the allegations set forth in paragraphs 1 through 34 as if fully set forth herein.

36. Ms. Gramer is a qualified person with disability. She has record of having a Disability and Defendants have regarded Ms. Gramer as a person with a disability. Her physical conditions substantially limit her major life activities.

37. Ms. Gramer is a qualified person with disabilities, in that she is capable of safely participating in the Culinary Arts Program with necessary services, and she meets the essential eligibility requirements that require modification to the rules, policies, and practices of that program, 42 U.S.C. §12131.

38. Defendants have failed to make reasonable modifications in its policies, practices or procedures, when modifications were necessary to afford the goods, services, facilities, privileges, advantages or accommodations to Plaintiff, Joan Gramer.

39. Defendants have engaged in discrimination against Ms. Gramer in violation of the Americans with Disabilities Act, 42 U.S.C. § 12133.

40. Defendants' refusal to agree to reasonable modification of its rules deprives Ms. Gramer of access to the services of KVCC Culinary Arts Program. This constitutes unlawful discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12132 & 12133.

## COUNT II

### (Section 504 of the Rehabilitation Act of 1974)

41. Plaintiff repeats the allegations set forth in paragraphs 1 through 40 as if fully set forth herein.

42. As a recipient of federal financial assistance, the Community College System is subject to Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and its implementing regulation, 28 C.F.R. §41.51(d).

43. Plaintiff is a "qualified individual with a disability" within the meaning of Section 504 of the Rehabilitation Act, because she has physical impairments that substantially limit one or more major life activities, and she meets the essential eligibility requirements for the Defendants' Culinary Arts Program classes.

44. Defendants' failure to modify it policies, practices or procedures constitutes unlawful discrimination in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §794, and its implementing regulation, 28 C.F.R. §41.51(d).

45. Defendants have failed to make reasonable modifications in policies, practices or procedures, when modifications are necessary to afford the goods, services, facilities, privileges, advantages or accommodations to Plaintiff. Defendants are in violation of 29 USC §794.

## COUNT III

### (Maine Human Rights Act)

46. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 45, as if fully set forth herein.

47. The Maine Human Rights Act was enacted in 1971 to acknowledge "the basic human right to a life with dignity" by preventing discrimination in employment, housing or access to public accommodations, as well as in the extension of credit and in education. 5 M.R.S. § 4552.

48. Subchapter 5 of the Maine Human Rights Act guarantees every individual "[t]he opportunity . . . to have equal access to places of public accommodation without discrimination because of . . . disability." 5 M.R.S. § 4591.

49. "Public accommodation" includes "an establishment of the State or local government." 5 M.R.S. § 4553 (8). Public accommodation means a public entity or private entity that owns, leases, leases to or operates a place of public accommodation; "public entity" in turn means state or local government or any department, agency, special purpose district or other instrumentality of the State or local government. 5 M.R.S. § 4553 (8-B); (8-C)(A)(B).

50. The MHRA declares it a denial of public accommodation "[f]or any public accommodation or any person who is the operator, manager, agent or employee of any place of public accommodation to directly or indirectly refuse, discriminate against or in any manner withhold from or deny the full and equal enjoyment to any person, on account of . . . disability . . ." 5 M.R.S. § 4592 (1); 94-348 C.M.R. ch.7 § 7.02(A) (1997).

51. In providing services, a public entity shall not afford an individual with a disability, or class of individuals, with an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; nor may a public entity provide individuals with disabilities an aid, benefit, or service that is not as effective in affording equal opportunity to gain the same result or benefit as provided to others. 94-348 C.M.R. ch.7, § 7.03(B), (C) (1997).

52. Public accommodations must make reasonable modifications to their policies, practices, and procedures when necessary to avoid discrimination against individuals with disabilities. 94-348 C.M.R. ch. 7, § 7.16(A) (1997).

53. Furthermore, public accommodations "shall take those steps that may be necessary to ensure that no individual with a physical or mental disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." *Id.* § 7.17(A).

54. Defendants are a public entities and public accommodations, pursuant to Subchapter 5 of the Maine Human Rights Act.

55. The MHRA defines unlawful educational discrimination, in part, to "on the basis of disability... [e]xclude a person from participation in, deny a person the benefits of, or subject a person to, discrimination in any academic, extracurricular, research. occupational training or other program or activity." 5 M.R.S. § 4602(3)(A).

56. Moreover, a public school is a "place of public accommodation" under the MHRA. 5 M.R.S. § 4553(8)(J).  It is unlawful public accommodations discrimination to "withhold from or deny the full and equal enjoyment to any person, on account of race or color... any of the accommodations, advantages, facilities, goods, services or privileges of public accommodation, or in any manner discriminate against any person in the price, terms or conditions upon which access to accommodation, advantages, facilities, goods, services and privileges may depend." 5 M.R.S. § 4592.

57. Defendants have violated the MHRA in the same manner as alleged under Count I, Violation of the ADA and Count II, violation of Section 504. *See Flood v. Bank of America Corp.*, 780 F.3d 1 (1st Cir. 2015) (holding that by closely tracking federal employment discrimination law, the Maine Legislature intended courts to look to federal case law to provide significant guidance in the construction of the Maine Human Rights Act).

58. Plaintiffs are entitled to civil penal damages, injunctive and declaratory relief, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court GRANT the following Relief:

    A. Assume jurisdiction and venue regarding this matter;

    B. Declare that Defendants illegally discriminated against the Plainitff when KVCC failed to grant reasonable modification of it's Culinary Arts Program rules and excluded her from it's Culinary Arts Program, all in

    violation of the ADA, Section 504 of the Rehabilitation Act of 1974, and the Maine Human Rights Act.

C. Enjoin the Defendants from refusing to admit persons with disabilities into its Culinary Arts Program, if they can benefit from the program with reasonable modifications.

D. Award Plaintiff all statutory damages, including but not limited to, compensatory damages and civil penal damages to which she may be entitled.

E. Award Plaintiff her costs and reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 (ADA); and 29 U.S.C. § 794a(b) (Section 504); and 5 M.R.S. §4614.

F. And grant such other and further relief as justice demand.

Dated:  August 28, 2020          Respectfully Submitted,

       /s/ *Patrick Ende*
      Patrick Ende, ME Bar No. 2731
      Attorney for Plaintiff
      DISABILITY RIGHTS MAINE
      160 capitol Street, Suite 4
      Augusta, Maine 04330
      (207) 626-2774
      pende@drme.org

       /s/ *Peter M. Rice*
      Peter M. Rice ME bar No. 7277
      Attorney for Plaintiff
      DISABILITY RIGHTS MAINE
      160 Capitol Street, Suite 4
      Augusta, Maine 04330
      (207 626-2774
      pmrice@drme.org